UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FULTON,<br><br>         Plaintiff,<br><br>v.<br><br>ULTA BEAUTY; and DOES 1-30, Inclusive,<br><br>         Defendants. | Case No.: 18-CV-00889-AJB-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(Doc. No. 14) |

Pending before the Court is Plaintiff Michael J. Fulton's ("Plaintiff") motion for leave to amend his complaint. (Doc. No. 14.) Defendant Ulta Beauty filed an opposition to Plaintiff's motion. (Doc. No. 16.) For the reasons set forth more fully below, the Court **GRANTS** Plaintiff's motion.

**I. BACKGROUND**

Plaintiff contends that he was discriminated against on the basis of his gender and wrongfully terminated. (Doc. No. 1-2 at 9.) Specifically, Plaintiff alleges that he was discriminated against by Ulta Beauty based on his gender by terminating his employment as a district manager. (*Id.* at 10.)

Plaintiff filed his complaint on April 4, 2018 in San Diego Superior Court. (*Id.* at 9.) Defendant removed the action on May 8, 2018 to this Court. (Doc. No. 1.) Plaintiff seeks

to add discrimination claims under Title VII similar to his claims under the California Fair Employment and Housing Act ("FEHA"). (Doc. No. 14-1 at 5.) Plaintiff further seeks to clarify his claims seeking to impose liability on both disparate impact and disparate treatment theories of liability. (*Id.*)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. DISCUSSION

Plaintiff contends that Defendant will not suffer any prejudice and the amendment is not based on bad faith or undue delay. (Doc. No. 14-1 at 7.) Further, Ulta Beauty has previously filed Plaintiff's February 5, 2018 pre-litigation settlement offer, which stated he was seeking damages under both disparate impact and disparate treatment theories of liability for gender discrimination. (*Id.*) Plaintiff is not seeking to add additional operative facts. (*Id.*)

A. Futility of Amendment *Forman* Factor

Defendant centers its opposition on the factor of futility. (Doc. No 16.) Defendant alleges that Plaintiff's amendment if granted would be futile on several grounds: (1) the proposed amendments do not state a claim for disparate impact; and (2) Plaintiff does not allege exhaustion of the administrative remedies for the proposed new causes of action. (*See generally* Doc. No. 16.)

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground [s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04–1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quotation omitted).

Plaintiff asserts that he is seeking to pursue both theories of liability – disparate impact and disparate treatment. (Doc. No. 17 at 11.) Thus, the Court hereby **REQUESTS** that Plaintiff plead both theories separately.

Defendant contends that Plaintiff's new allegations are deficient since they do not describe a facially neutral employment policy or practice to establish a disparate impact claim. (Doc. No. 16 at 5.) Plaintiff asserts that the complaint is sufficient to allege a disparate impact claim and the Court agrees. Specifically, Plaintiff alleges:

> Ulta Beauty had an employment practice of hiring, favoring, and retaining female management employees, particularly in the positions of general manager, district manager, senior district manager, regional vice president, senior vice president of operations, and chief operating officer, which had a disproportionate adverse effect on male applicants for those positions.

(Doc. No. 14-2, Ex. 1 ¶¶ 32, 49.) In *Sisemore v. Master Financial, Inc.*, 151 Cal. App. 4th 1386, 1423 (2007), Plaintiff alleged that "Master Financial's policies disproportionately affected women and families with children because those two protected classes comprise a much higher percentage of day care home operators in Santa Clara County than the percentages of those groups found generally in the County." *Id.* at 1423. The court held that this allegation adequately established a disparate impact claim. *Id.* The allegations here are similar. Accordingly, the Court finds that Plaintiff has sufficiently alleged a disparate impact claim for the purpose of leave to file an amended complaint.

Defendant next alleges that Plaintiff has not alleged exhaustion his administrative remedies for the proposed new causes of action. (Doc. No. 16 at 6.) In his reply, Plaintiff states "in the event the court deems it necessary for Fulton to plead that he has fully and timely exhausted his administrative remedies under both FEHA and Title VII, he can allege he has done so (because he in fact has done so.)" (Doc. No. 17 at 11.) Accordingly, the Court **REQUESTS** that Plaintiff allege in his amended complaint that he has in fact exhausted his administrative remedies.

B.     The Remainder of the *Foman* Factors

Defendant does touch upon the rest of the *Foman* factors. However, the Court finds that the majority of the remaining factors support granting leave to amend.

With regard to undue delay, this is the first time Plaintiff has sought leave to amend his complaint. Further, Defendant does not allege that Plaintiff is seeking leave to amend to create undue delay. Thus, finding that there is no evidence that Plaintiff delayed in bringing his motion, this factor weighs in favor of granting leave to amend. *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (holding that undue delay is delay that "prejudices the nonmoving party or imposes unwarranted burdens on the court."). Next, there is no indication that Plaintiff seeks amendment in bad faith. *See Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

As to prejudice, the factor that carries the "greatest weight" among the five *Foman* factors, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), the

Court finds that Plaintiff has altered and transformed the causes of action pled in his complaint in comparison with his proposed amended complaint. (*See generally* Doc. Nos. 1-2, 14-2.) However, as the allegations that led up to his claims remain the same, Defendant would not be substantially prejudiced by amendment; nor does the opposition brief clearly argue that it will suffer prejudice if amendment is granted. Thus, this factor weighs in favor of granting leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (noting that the party opposing amendment "bears the burden of showing prejudice."); *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (finding that mere addition of new claims in a proposed amended complaint is insufficient to support denial under Rule 15); *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding that when an amendment merely incorporates alternative theories using existing facts, it falls safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities). In sum, the *Foman* factors weigh in favor of granting leave to amend.

## V. CONCLUSION

For the foregoing reasons, and in the interests of judicial economy, Plaintiff's motion for leave to amend is **GRANTED**. Plaintiff must file an amended complaint on or before **April 8, 2019**.

**IT IS SO ORDERED**.

Dated: March 28, 2019

Hon. Anthony J. Battaglia
United States District Judge

5

18-CV-00889-AJB-WVG